NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DONALD W. BAKER | : | |
| | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | Civil Action No. 10-2954 (DMC) |
| NEW JERSEY TRANSIT, | : | |
| | : | |
| Defendant. | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

     This matter comes before the Court upon Defendant New Jersey Transit's ("NJT") motion

to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). No oral argument was heard on this

matter under Rule 78. For the reasons stated below, Defendant's motion is **granted in part**.

### I. BACKGROUND[1]

     Plaintiff, an African American man, began working for NJT on April 3, 1980 as a

Heating and Air Conditioning Specialist. He was discharged from that position—and replaced

with a younger employee—on July 31, 2006, after a work-related injury caused him to become

disabled. Plaintiff did not receive temporary disability benefits when he was fired, despite the

fact that both female and non-black workers were awarded these benefits. On January 29, 2007,

Plaintiff filed charge #17E-2007-00274 against NJT. That charge proceeded to arbitration on

---

[1] The facts derive from the parties' submissions.

February 11, 2009 and on September 28, 2009, "in retaliation for [his] complaints, [Plaintiff] was denied a return to work."

Plaintiff filed a Charge of Discrimination with the New Jersey Division on Civil Rights on February 17, 2010 in which he alleges that he was discriminated against from July 31, 2006 to September 28, 2009 "because of [his] race (Black), age (48), disability and in retaliation of filing complaints by being subjected to discharge and denied benefits of employment." The United States Equal Employment Opportunity Commission (EEOC) issued a Dismissal and Notice of Rights on March 16, 2010. The EEOC found that Plainitff's charge was not timely filed.

Plaintiff filed the present action pro se on June 8, 2010, asserting claims under Title VII of the Civil Rights Act of 1964 on the basis of race, sex, religion and notes that he was "discharged from [his] position because of [his] disability, and replaced with a younger worker" and that he was "[r]etaliated against because of filing a EEO complaint." In his EEOC Complaint, Plaintiff maintains that the discriminatory acts occurred on July 31, 2006 and that he filed charges with the New Jersey Division on Civil Rights on January 25, 2007, which diverges from the information listed on his Charge of Discrimination.

## II. STANDARD OF REVIEW

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the  [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. To survive a motion to dismiss, the complaint must state a plausible claim. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Thus, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Bell Atl. Corp., 550 U.S. at 555.

### III. DISCUSSION

Prior to instituting a Title VII action, a Plaintiff must exhaust his administrative remedies by filing a charge with the EEOC or a State or local agency with authority to grant or seek relief from such practice. Webb v. City of Philadelphia, 562 F.3d 256, 262-63 (3d Cir. 2009). The applicable window in which to file a charge with a State agency is 300 days. 42 U.S.C. § 2000e-5(e)(1). Thus, in order for Plaintiff's claim to be timely he must have filed his charge with the New Jersey Division on Civil Rights within 300 days of when the discriminatory acts occurred.

The crux of NJT's argument is that Plaintiff did not timely file his Charge of Discrimination. The Court agrees in part. Plaintiff points to a number of different instances of discrimination, beginning on July 31, 2006, when he was discharged from his position at NJT, and ending on September 28, 2009, when Plaintiff alleges that he was denied a return to work in retaliation for filing a previous EEOC complaint. From reading the Charge of Discrimination in conjunction with the EEOC Complaint, it is the Court's understanding that somewhere in between January 25 and January 29, 2007, Plaintiff filed a charge against NJT for his July 31, 2006 discharge. This charge was adjudicated in 2009. The allegations of discrimination that resulted in the 2007 EEOC charge are separate and apart from the allegations of retaliation that

arose from Plaintiff's denial of return to work on September 28, 2009.  Given that the

discrimination allegations are distinct from the retaliation claims, were adjudicated by arbitration

in 2009, and occurred more than 300 days before the 2010 Charge of Discrimination, the Court

finds that they are time-barred.  See West v. Phila. Elec. Co., 45 F.3d 744, 754 (3d Cir. 1995)

(noting distinction "between the occurrence of isolated, intermittent acts of discrimination and a

persistent, on-going pattern").  The allegation of retaliation occurred within 300 days of the filing

of Plaintiff's Charge of Discrimination and is referenced in both the Charge of Discrimination

and the EEOC Complaint.  Therefore, this allegation may proceed.


### IV.  CONCLUSION

For the reasons stated, Defendants' motion to dismiss pursuant to Rule 12(b)(6) is granted

only as to those claims dating prior to the September 28, 2009 allegation of retaliation.


Dennis M. Cavanaugh, U.S.D.J.

Date:          June ___/___, 2011
Orig.:         Clerk
cc:            All Counsel of Record
               Hon. Joseph A. Dickson, U.S.M.J.
               File

4