NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD W. BAKER, | : |
| Plaintiff, | : Civil Action No. 10-2954 (DMC) |
| v. | : |
| NEW JERSEY TRANSIT CORPORATION, | : MEMORANDUM OPINION |
| Defendant. | : |

**CLARK, Magistrate Judge**

      Currently pending before the Court is Defendant New Jersey Transit Corporation's ("Defendant") motion for an Order pursuant to FED.R.CIV.P. 12(e) compelling Plaintiff Donald W. Baker to file a more definite statement [Docket Entry No. 30]. Plaintiff has not filed opposition to Defendant's motion. The Court has reviewed those arguments made in support of Defendant's motion and considers same without oral argument pursuant to L.CIV.R. 78.1(b). For the reasons set forth more fully below, Defendant's motion for a more definite statement is GRANTED.

    **I.    Background**

      Plaintiff, a former employee of Defendant, filed the instant action as a *pro se* litigant on June 8, 2010, alleging various counts of discrimination as well as retaliation for filing a complaint with the Equal Employment Opportunity Commission ("EEOC"). (*Compl.* at ¶9; Docket Entry No. 1). On October 18, 2010, Defendant filed a motion to dismiss Plaintiff's complaint, which was granted in part and denied in part by the Honorable Dennis M. Cavanaugh, U.S.D.J., on June

1, 2011. [Docket Entry No. 10].   In relevant part, the District Court dismissed those claims which had arisen prior to Plaintiff's September 28, 2009 allegation of retaliation, namely, Plaintiff's allegations of discrimination. (*Id.*).   Defendant then filed an Answer to those remaining claims in Plaintiff's complaint on November 22, 2011. [Docket Entry No. 12].   After several telephone conferences with the Honorable Joseph A. Dickson, U.S.M.J. in an attempt to promote settlement negotiations, a pretrial scheduling order was entered, setting the end of fact discovery for October 31, 2013. [Docket Entry No. 27].   On July 3, 2013, Magistrate Dickson granted Defendant leave to file the instant motion seeking a more definite statement from Plaintiff. [Docket Entry No. 29]. This matter was subsequently transferred from Magistrate Dickson to the undersigned on August 13, 2013.

**II.     Argument**

In support of its motion, Defendant argues that Plaintiff's complaint "is so vague and ambiguous that Defendant cannot properly defend this action." (*Defendant's Brief in Support* at 4; Docket Entry No. 30-4).   Defendant claims that "Plaintiff has not provided any details as to the relevant events." (*Id.* at 5).   Defendant notes that the sole remaining claim in this litigation is Plaintiff's claim that he was retaliated against after filing a complaint with the EEOC. (*Id.*) Plaintiff claims that a hearing took place on September 28, 2009, at which he was informed that he was being denied a return to work. (*Id.*)   However, Defendant submits that the employer-employee relationship with Plaintiff ended three years prior to this date and further submits that Defendant is "unaware of any administrative hearings on September 28, 2009." (*Id.*) As such, Defendant argues that it is "significantly handicapped" by Plaintiff's failure to provide a

factual foundation in his Complaint and therefore, seeks an order compelling Plaintiff to file a more definite statement. (*Id.* at 6).

As noted above, Plaintiff has not filed any opposition to the instant motion. As such, any reply briefing was not necessary and indeed has not been filed by Defendant.

### III.     Analysis

Under the Court's notice pleading standard, a pleading need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED.R.CIV.P. 8(a)(2). Pursuant to FED.R.CIV.P. 12(e), a party is permitted to "move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) motions, however, are "not favored," and "should be granted only if the allegations contained in the complaint are so vague that the defendant cannot reasonably be expected to frame a response to it." *Thompson v. Mobile Communications*, No. CIV. A 98-4691, 1999 WL 232018, *8 (D.N.J. April 19, 1999) (internal quotation marks and citations omitted). Additionally, in cases involving *pro se* litigants, the Court has the added constraint that it must construe submissions by *pro se* plaintiffs broadly. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

The Court finds that Defendant has presented enough evidence to show that the Complaint lacks clarity and factual support with respect to Plaintiff's remaining claim. Plaintiff's Complaint fails to allege any facts surrounding the alleged retaliation and does not describe with any detail the alleged hearing that occurred on September 28, 2009. Furthermore, in the absence of any opposition to Defendant's motion, the Court cannot regard this motion as being prejudicial to Plaintiff. While the Court notes that Plaintiff initially filed his Complaint as a *pro se* litigant, the

Court finds that Plaintiff's present status as a represented party lends itself well to resolving any confusion or lack of clarity with respect to Plaintiff's remaining claim.

## IV. Conclusion

For the foregoing reasons, Defendants' motion for a more definite statement is GRANTED. Plaintiff is therefore directed to file a First Amended Complaint with this Court as specified in the accompanying Order which follows this Opinion.

Dated: August 27, 2013

s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**
